UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 15-20652 |
| Plaintiff, | HON. GEORGE CARAM STEEH |
| v. | |
| D-6   ROBERT BROWN II, | |
| Defendant. | |
| _____/ | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

The United States of America, by and through its undersigned counsel, files this opposition to Defendant Robert Brown's Motion for Revocation of Detention Hearing (Dkt. No. 165). The defendant's motion should be denied because he is not entitled to reopen a detention hearing without new information, which he lacks. Even if his motion were considered, there is a statutory presumption of detention given that the defendant has been indicted on racketeering conspiracy and firearms charges related to his involvement and membership in a violent street gang. In addition, the defendant has committed recent acts of violence and has even threatened to kill his own father. The defendant is a danger to the community and a risk of non-appearance and his detention should be continued pending trial.

BACKGROUND

On February 17, 2016, the defendant and 14 other individuals were charged in a second superseding indictment with one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and one count of possession of a firearm in furtherance of a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2. Some of the other individuals were also charged with murder in aid of racketeering, attempted murder in aid of racketeering, assault with a dangerous weapon in aid of racketeering, and firearm offenses.

The second superseding indictment alleges that the defendant is a member of a violent gang called the Seven Mile Bloods, or "SMB." According to the second superseding indictment, the "SMB is currently in an active gang war with an alliance of other gangs operating on Detroit's east side . . . ." (R. 46: Second Superseding Indictment, PgID 150). The SMB and its rivals "are violently attacking one another and have posted respective 'hit lists' on social media." *Id.* Defendant Robert Brown is identified in eleven overt acts contained with the second superseding indictment.

According to the second superseding indictment, the SMB members identify themselves with the number "55" and sometimes refer to themselves as "55 Crew" or "55 Grinch." *Id.* PgID 149. The SMB is also "heavily involved in the rap music scene. SMB members regularly post videos of their rap music and discuss their gang

2

affiliation and accomplishments via rap." *Id.* It is also alleged in the second superseding indictment that the SMB "makes its money predominately through the sale and distribution of controlled substances, including cocaine, heroin, marijuana, codeine promethazine, and various prescription pills." *Id.* PgID 150. The SMB's drug trafficking also involves gang members traveling "to West Virginia, Ohio, Kentucky, and other states to sell controlled substances." *Id.*

On March 1, 2016, law enforcement officers arrested the defendant at his residence and conducted a search pursuant to a warrant. Law enforcement officers found marijuana, numerous prescription pills, a drug scale, and gang related paraphernalia, including clothing and a notebook containing rap lyrics. These lyrics included the following:

> I ain't trying to go to jail tell the cops to go to hell
> Catch an opp 30 shells pills coming threw [sic] the mail
> Getting money it don't stop
> RIP my nigga Block[1]
> Riding round with the chop
> Heard they be on this Block
> Killed the nigga and I beat the case
> Then I spit rite in the judge face
> Pill trips I B a on
> The way GL state 2 state back home cause I beat the case
> Cut the grass damn I see
> The snakes 55 thats everyday

---

[1] "Block" is the alias of Devon McClure, a deceased member of the Seven Mile Bloods killed in the gang war on May 1, 2015.

On March 9, 2016, the defendant appeared before Magistrate Judge Stafford for a detention hearing. At the hearing the government proffered the following facts to support its motion for detention:

- There is a statutory presumption of detention pending trial because the defendant was charged with possession of a firearm in furtherance of a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2.

- A written proffer submitted by the government that described in greater detail the Seven Mile Bloods, several shootings and murders perpetrated by the gang, and the gang's narcotics distribution activities in Detroit and West Virginia. The written proffer also contained information specific to defendant Brown, including photographs that were posted on his Facebook page in which the defendant is holding firearms. One of these photos shows the defendant holding an Uzi to another individual's head as that person flashes a "55" gang sign.

- According to the Pretrial Services report, the defendant has a long criminal history that involves arrests and convictions for acts of violence:

    (1) The defendant's first conviction was at age 21 for resisting and obstructing police, and the defendant was sentenced to one year HYTA probation.

    (2) At age 23 the defendant was charged with assault and battery, and disturbing the peace. The defendant pleaded guilty to disturbing the peace and was sentenced to probation.

    (3) At age 24 the defendant was convicted of assault with a dangerous weapon and assault and battery. He was sentenced to 90 days in jail and one year probation, but violated his probation.

    (4) At age 24 the defendant was charged with assault with

4

intent to murder, assault with a dangerous weapon, and firearm discharge at or near a building. This case appears to have been dismissed.

(5) At age 25, the defendant was arrested for felony drugs, but Pretrial Service could find no record of this offense at the Third Circuit Court.

(6) At age 26, the defendant was arrested in West Virginia for possession of marijuana and possession of crack cocaine. This case was dismissed in 2013.

(7) In 2015, at age 33, the defendant was charged with assault and battery, and larceny. The defendant pleaded guilty to the larceny charge and was sentenced to one year probation – which was still pending at the time the defendant was arrested on the current federal charges.

- The government submitted the police report relating to the 2015 assault and battery and larceny offense. According to the report, the victim was walking through the Eastland Mall after purchasing some new shoes when one of perpetrators bumped into him. The defendant then said to the victim: "You don't know what's about to happen to you," and the two men hit the victim over the head and kicked and punched him as he was lying defenseless on the ground. The perpetrators took the new shoes, some waterproof spray, the victim's cell phone and $300.

- A police report which states that in 2014 the defendant's father called the police and reported that when the father refused to give money to the defendant the defendant became irate and stated "If you don't give me any money, I'm going to put a hit out on you." The defendant's father further reported to police that he believed the defendant would carry out the threat and he feared for his life. The father stated that the defendant is a leader of the Seven Mile Bloods gang.

- When the defendant was arrested on the current federal charges, he was located at his residence, which was searched pursuant to a warrant. Inside the residence was a digital scale with drug residue on it, over 180 grams of marijuana, 24 prescription pill bottles all with pills in them of

5

>     different sizes, markings and color, and red clothing (a bandana, sweatshirt and shoes), which is of significant because red is the color associated with the Seven Mile Bloods.
>
> - The defendant had an outstanding misdemeanor warrant from 2011 for failure to appear for a drug violation in 36th District Court.

To rebut the statutory presumption of detention and the evidence offered by the government, the defendant proffered only the following:

- The defendant's convictions were misdemeanors and he has no narcotics convictions;

- Pretrial Services recommended a bond;

- The defendant was shot "a number of times" in West Virginia and takes "heavy pain medication" and smokes marijuana for pain, although he has not obtained a medical marijuana card;

- The photograph of the defendant holding an Uzi involved an Uzi that had a plug in the barrel;

- The defendant's mother was prepared to be a third party custodian. The defendant's mother testified that she was retired, lived with her husband, and that neither of them had a criminal record.

Magistrate Judge Stafford ordered the defendant detained on the ground that there was clear and convincing evidence that the defendant was a danger to the community, and a preponderance of the evidence that he was a risk of non-appearance. (R. 122: Order of Detention Pending Trial, PgID 460). Magistrate Judge Stafford found that the defendant was a member of the Seven Mile Bloods,

6

which was a "violent gang that has engaged in murderous 'wars' with other gangs," and that the defendant's participation in the gang "included time periods during which he was on probation" for other offenses. *Id.* Moreover, the magistrate judge noted the defendant's prior violent conduct, particularly when "Brown and his cohorts violently attacked the victim of the theft without provocation at Eastland Mall," and when he threatened to kill his own father. *Id.* at 460-61. The defendant did not appeal Magistrate Judge Stafford's ruling.

## ARGUMENT

The defendant's current motion simply re-states the same arguments and proffers the same facts that the defendant offered at the detention hearing. The only exception is that the defendant now claims that he is prepared to call his father to testify. According to the defendant, his father will testify that "he is not now nor was in the past threatened by the defendant, and further that he wishes the Court to place his son in his home during the pendency of this case."

By statute, a detention hearing "may be reopened" if two conditions are met. 18 U.S.C. § 3142(f). The first is that "information exists that was not known to the movant at the time of the hearing." *Id.* The second is that the new information "has a material bearing" on risk of flight or danger to community. *Id.*; *see also United States v. Watson*, 475 F.App'x 598, 600 (6th Cir. 2012). The defendant's motion

7

cites no new information that was not known to him at the time of the hearing before Magistrate Judge Stafford. The defendant could have called his father to testify at the first hearing, but decided to call his mother to testify instead. The defendant's motion should therefore be denied as a matter of law. Even if the Court were to consider the defendant's motion, it should still be denied because he is a danger to the community and a risk of non-appearance.

Detention under 18 U.S.C. § 3142(e) is warranted when the court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Sandles*, 2008 WL 345520, *1 (E.D. MI 2008) (Steeh, J.). The factors to be considered are (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.*

When, as is the case here, a defendant is subject to the statutory presumption of detention under 18 U.S.C. § 3142(e)(3), the defendant bears a "burden of production," which requires him to "come forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Even when the defendant satisfies his burden of

8

production, the statutory presumption in favor of detention "remains a factor to be considered among those weighed by the district court." *Id.* This is because the presumption "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained pending trial," and it is the defendant's responsibility to "present all the special features of his case that take it outside the congressional paradigm." *Id.* at 946.

     The defendant, who is a member of a violent street gang and has himself been arrested and convicted on multiple occasions for violent conduct, is exactly the type of defendant that should be detained pending trial, and is certainly not "outside the congressional paradigm" when it comes to the statutory presumption of detention. In fact, most of the evidence proffered by the defendant does nothing to negate the presumption that the defendant is a danger to the community or risk of non-appearance. For example, the fact that the defendant has misdemeanor convictions, has been shot numerous times, and smokes marijuana in no way lessens his dangerousness. Nor does the fact that the defendant's parents are willing to let him live in their home. *United States v. Gray*, 20 F.App'x 473, 475 (6th Cir. 2001) (fact that defendant's relatives are "willing to allow him to live with them pending his new trial . . . is not sufficient to rebut the presumption in favor of detention"). The defendant's parents have been unable to prevent him from engaging in violent

9

criminal activity in the past, and there is no indication that they will be able to do so in the future. Even assuming the defendant's father testifies that he was never actually threatened by his son, this testimony would only address one of several instances of violent conduct by the defendant. It does nothing to negate the fact that the defendant is a member of violent street gang. Nor does it negate the fact that the defendant beat an innocent person at the Eastland Mall last year, or has a prior conviction for assault with a dangerous weapon and assault and battery.

Nor does the evidence proffered by the defendant address his risk of non-appearance. There is a preponderance of evidence that the defendant is a risk of non-appearance. This evidence includes: (1) the defendant's outstanding warrant for failure to appear; (2) the fact that the SMB has a drug trafficking network that involves gang members in Detroit traveling to other states to distribute drugs; (3) the defendant has been shot and arrested in West Virginia on drug charges in the past; (4) the defendant has not presented any evidence that he has stable employment or strong community involvement that would keep him in this district.

CONCLUSION

The defendant is a danger to the community and is a risk of nonappearance. The defendant is also subject to a statutory presumption of detention, which the defendant has failed to overcome. His motion for bond should be denied.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney


s/ Christopher Graveline
Chief, Violent & Organized Crime Unit
211 W. Fort Street, Suite 2001
Detroit, MI   48226
Phone:   (313) 226-9100
christopher.graveline2@usdoj.gov

s/ Michael C. Martin
Assistant United States Attorney
michael.c.martin@usdoj.gov

s/ Rajesh Prasad
Assistant United States Attorney
rajesh.prasad@usdoj.gov


Dated:        April 19, 2016

## **CERTIFICATE OF SERVICE**

      I hereby certify that on <u>April 19, 2016</u>, I filed the foregoing document on the ECF system, which will send notice to James L. Feinberg, 28411 Northwestern Highway, Suite 875, Southfield, MI 48034.

                                      <u>s/Michael C. Martin</u>
                                      Michael C. Martin
                                      Assistant United States Attorney
                                      211 W. Fort Street, Suite 2001
                                      Detroit, MI   48226
                                      Phone:   (313) 226-9100
                                      E-Mail: Michael.C.Martin@usdoj.gov