UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                             Case No. 15-20652
vs.                          HON. GEORGE CARAM STEEH

ROBERT BROWN D-6,

    Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR NEW TRIAL AND JUDGMENT OF ACQUITTAL [ECF NO. 1197]

From June 5 to August 27, 2018, defendant Robert Brown was tried by a jury in this court along with co-defendants Eugene Fisher, Corey Bailey, Keithon Porter and Arlandis Shy. On August 27, 2018, the jury convicted Brown of Count One RICO conspiracy, Counts Twenty-Five and Twenty-Seven, attempted murder in aid of racketeering, and Count Thirty-Two, corresponding firearm charges. On September 13, 2018, Brown filed a consolidated motion for new trial pursuant to Federal Rule of Criminal Procedure 33 and judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, challenging the sufficiency of the evidence. For the reasons stated below, defendant's motion is DENIED.

The court incorporates its opinion and order denying defendants' motions for judgment of acquittal (ECF No. 1163), which was based on the evidence at the close of the government's case.

## I. Legal Standard

**A. Rule 29 Motion for Judgment of Acquittal**

"In reviewing a claim of insufficient evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Salgado*, 250 F.3d 4338, 446 (6th Cir. 2001) (emphasis in original) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). The Government "must present substantial evidence as to each element of the offense." *Brown v. Davis*, 752 F.2d 1142, 1145 (6th Cir. 1985) (internal citations omitted). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *United States v. Martin*, 375 F.2d 956, 957 (6th Cir. 1967). "The government may meet its burden through circumstantial evidence alone, and such evidence need not exclude every possible hypothesis except that of guilt." *Salgado*, 250 F.3d at 446 (citing

*United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir. 1995)). The court must "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Maliszewski,* 161 F.3d 992, 1006 (6th Cir.1998).

B.  Rule 33 Motion for New Trial

A court may vacate any judgment and grant a new trial "if the interest of justice so requires." Court have granted a new trial where "(i) the jury verdict was against the manifest weight of the evidence or (ii) substantial legal errors or omissions occurred." *United States v. Munoz*, 605 F.3d 359, 373-74 (6th Cir. 2010). The standard of review is broader under Rule 33 than it is for a motion for acquittal under Rule 29. That is, a verdict may be against the great weight of the evidence to support a new trial, but still be substantial enough to permit reasonable jurors to draw an inference of guilt. *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (citing *United States v. Turner*, 490 F.Supp. 583, 593 (E.D. Mich. 1979)).

## II. Discussion

Defendant Brown argues that there was insufficient evidence to support his guilty verdicts. Specifically, Brown challenges whether SMB existed and was a RICO enterprise, whether drug sales by Brown resulted from an illegal purpose of SMB, and whether Brown's attempted murder of

Derrick Peterson, Darnall Canady and Jason Gaskin on May 10, 2015 was carried out with an animating purpose to maintain or increase Brown's position in SMB.

At the conclusion of the government's case-in-chief, the court found that the government presented significant evidence at trial to support a finding that SMB was a racketeering enterprise for purposes of RICO conspiracy. (ECF No. 1163, pp. 3-10) To the extent Brown continues to challenge the jury's verdict on that basis, the court stands by its previous order.

Brown argues there was insufficient evidence to show that he profited from selling drugs for SMB or acted on behalf of the enterprise. Co-defendant Anthony Lovejoy testified at trial that Brown sold narcotics in the Redzone, which was SMB territory. (Trial Tr. 6/26/2018, at pp. 44, 48) He explained that it would not be wise for someone outside SMB to sell in the Redzone because it would lead to violence against them. (Trial Tr. 6/27/2018, at pp. 77-78) Finally, Lovejoy testified that he only used, and paid, SMB members to transport narcotics to West Virginia, including Brown, because he could trust them. (Trial Tr. 6/26/2018, at pp. 74-75) Lovejoy's testimony provided substantial evidence from which a rational

fact finder could conclude that Brown's association with SMB is what permitted him to profit from the trafficking of narcotics.

With regard to the attempted murder counts, the government must prove that the defendant's general purpose in shooting the victim "was to maintain or increase his position in the racketeering enterprise." *United States v. Thai*, 29 F.3d 785, 817 (2nd Cir. 1994). Brown argues that there is insufficient evidence that a general, animating purpose of his actions on May 10, 2015 was to maintain or increase his position in SMB.

The evidence at trial was that Brown had a reputation for being violent and that he had enforcement power over other members of SMB. (See Trial Tr. 6/26/2018, at p. 96; 6/21/2018, at p. 129; 6/22/2018, at p. 46) On May 1, 2015, Devon McClure, a beloved SMB leader, was killed. It was believed that McClure was killed by a rival gang. On May 10, 2015, rival gang members Darnell Canady, Jason Gaskins and Derrick Peterson were shot. Later that day, Brown and co-defendant Billy Arnold informed co-defendant Derrick Kennedy of their role in the shooting. (See Trial Tr. 7/13/2018, at pp. 13-17) A rational fact finder could conclude that one of Brown's animating purposes for the May 10 attempted murder was to maintain or increase his position in SMB by avenging McClure's death.

Brown's reputation for violence and for being an enforcer further supports the theory that he would be expected to be part of this revenge.

The jury's verdict was supported by substantial evidence and is not against the manifest weight of the evidence.

### III. Conclusion

For the reasons stated above, defendant Brown's motion for judgment of acquittal and/or for new trial is DENIED.

IT IS SO ORDERED.

Dated: December 19, 2018

                               s/George Caram Steeh
                               GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 19, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk