UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

                                  Case No. 15-20652

     v.

                                  Hon. George Caram Steeh

ROBERT BROWN II, D-6,

              Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION TO VACATE
SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 1995)

This matter comes before the Court on Defendant Robert Brown's

motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255

(ECF No. 1995). Brown maintains that his trial counsel and appellate

counsel were ineffective for not challenging duplicitous counts in the

Indictment. Brown also claims the government committed prosecutorial

misconduct by permitting the allegedly duplicitous counts to proceed to

trial. For the reasons set forth below, Brown's motion is DENIED.

PROCEDURAL BACKGROUND

The grand jury returned an Indictment against Brown charging him

with RICO conspiracy (Count 1), Attempted Murder in Aid of Racketeering

(Count 25), Assault with a Dangerous Weapon in Aid of Racketeering

(Count 26), and Use, Carry, and Discharge of a Firearm During and in

Relation to a Crime of Violence (Count 27). Brown's trial took place 2018.

Count 26, a lesser included offense of Count 25, was not presented to the

jury. The jury convicted Brown of the three counts they were asked to

consider. The Court sentenced Brown to a total term of imprisonment of 40

years.

Brown's appeal raised several issues but did not include any of the

claims he asserts in his § 2255 motion. *United States v. Bailey*, No. 19-

2280, 2022 WL 2444930 (6th Cir. July 5, 2022), *cert. denied*, 143 S. Ct.

340, 214 L. Ed. 2d 152 (2022), and *cert. denied sub nom. Brown v. United*

*States*, 143 S. Ct. 392, 214 L. Ed. 2d 192 (2022). The Sixth Circuit rejected

Brown's claims and affirmed his convictions and sentence. *Id*.

<u>STANDARD OF REVIEW</u>

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to

vacate, set aside, or correct his conviction or sentence on the ground that

they were imposed in violation of the United States Constitution or federal

law. To obtain relief, the petitioner must show there was "(1) an error of

constitutional magnitude; (2) a sentence imposed outside the statutory

limits; or (3) an error of fact or law that was so fundamental as to render the

entire proceeding invalid." *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011) (internal quotation marks and citation omitted).

To present an ineffective assistance of counsel claim under 28 U.S.C. § 2255, defendant must show that (1) his attorney's performance was objectively unreasonable and (2) this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether defense counsel's performance was objectively unreasonable, "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. To satisfy the prejudice requirement in the context of a trial, a defendant must "demonstrate a reasonable probability that the result of his trial would have been different but for" his trial counsel's mistakes. *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). "[I]n the context of ineffective assistance of appellate counsel, a defendant must show a reasonable probability that, but for his counsel's defective performance, he would have prevailed on appeal." *Mapes v. Tate*, 388 F.3d 187, 194 (6th Cir. 2004).

Where a claim of constitutional error rests on allegations of prosecutorial misconduct, the petitioner must demonstrate that the prosecutor's conduct "so infected the trial with unfairness as to make the

resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The petitioner bears the burden of proving his claims in a § 2255 motion by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Similarly, the petitioner bears the burden of articulating sufficient facts to state a viable claim for relief and the petition may be dismissed if it only makes vague conclusory statements without substantiating allegations of specific facts. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir.1972).

ARGUMENT

I.    <u>Ineffective Assistance of Counsel</u>

Brown claims both his trial and appellate counsel were ineffective for not challenging Counts 25, 26, and 27 as duplicitous. "An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007) (quoting *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002)). "The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense." *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir.1981); *see also Kakos*, 483 F.3d at 443.

-4-

The challenged counts each relate to the shooting of the vehicle occupied by rival gang members Darnell Canady, Jason Gaskin, and Derrick Peterson on May 10, 2015. Count 26, which charges Assault with a Dangerous Weapon in Aid of Racketeering, was effectively dismissed when the government decided not to present that offense to the jury. Therefore, the Court finds that Brown's trial and appellate counsel were not ineffective for failing to object as to Count 26.

Count 27 charges Use and Carry of a Firearm During and in Relation to a Crime of Violence. This count identifies a single firearm offense in furtherance of several predicate crimes, namely the May 10th attempted murders. "The mere existence, however, of multiple theories of liability or multiple factual predicates for violation of a statute does not render the indictment duplicitous." *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997); *see also United States v. Pirk*, 267 F. Supp. 3d 406, 427 (W.D.N.Y. 2017) ("Counts 2, 36, 38, and 40 are not duplicitous, as alleged, because none of them impermissibly combines several offenses into the same count. Rather, each count alleges only the count of possession of firearms in furtherance of various predicate crimes."). As Count 27 does not combine several offenses in the same count, it is not duplicitous. Brown's

trial and appellate counsel were not ineffective for failing to challenge Count 27.

Count 25 charged Brown with the Attempted Murder in Aid of Racketeering of Canady, Gaskin and Peterson. Brown argues that listing three victims in Count 25 is duplicitous. The government relies on *United States v. Gandy*, 926 F.3d 248 (6th Cir. 2019), wherein the Sixth Circuit considered a challenge to an identity theft indictment as duplicitous for including multiple victims in the same count. Applying plain error review, the Court found that each victim of the identity theft did not need to be the subject of a separate charge and that the district court was not required to issue a specific unanimity instruction. *Id*.

Even assuming the way the government charged Count 25 was improper, Brown must establish that his counsel's failure to object was objectively unreasonable, and that he was prejudiced as a result. Duplicity is a pleading rule that can be remedied without requiring dismissal. *Robinson*, 651 F.2d at 1194. If Brown's trial counsel had challenged Count 25 as duplicitous before trial, the government would have corrected the indictment such that each of the three victims was charged in a separate count. We know this because that is what the government did when counsel for co-defendant Billy Arnold made a duplicity objection prior to his

trial. As the government points out, a court owes substantial deference to counsel's decisions not to raise an argument if the decision could be considered sound strategy. *Hodge v. Hurley*, 426 F.3d 368, 385 (6th Cir. 2005). It is plausible that trial counsel decided not to raise a duplicity challenge because they preferred to defend one count related to the May 10th shooting as opposed to three separate counts.

Further, if Brown's counsel challenged Count 25 as duplicitous during trial, the remedy would have been to provide a curative instruction that the jury had to unanimously agree as to which of the victims Brown attempted to murder, or aided and abetted the attempt to murder. *Robinson*, 651 F.2d at 1194.

Finally, Brown has not demonstrated that but for his counsel's failure to object, the outcome of his trial would have been different. The evidence presented at trial was that on May 10, 2015, a Seven Mile Blood member posted a photograph of rival gang member Darnell Canady on the SMB social media hit list, 000_big_blood. The photograph included a threat towards Canady: "*U stay on 13mile wit yo girl stop playing roles u kno we kumin*". Later that day, Arnold texted Brown, "*Let's get it n**** hell yea let's wrap it up*," and Brown responded, "*On my way out.*" (Trial Exhibit 46, Arnold cell phone). Brown and Billy Arnold then ambushed the vehicle

occupied by Canady, Gaskin and Peterson. Using multiple firearms, Brown and Arnold fired over 60 shots inside the vehicle. After the shooting, Arnold and Brown discussed whether their rivals were dead. Co-conspirator Derrick Kennedy testified that Arnold did not think their bullets hit the rivals, but that Brown said, "No, I seen their bodies drop. I look them in the face. They dead." (Trial Tr., July 25, 2018; ECF No. 1139, PageID.13454-55).

Considering the evidence, no reasonable juror could have found that Brown was guilty of attempted murder in aid of racketeering as to one or two, but not all three occupants of the vehicle. *See*, *Gandy,* 926 F.3d at 263 ("Furthermore, based on the evidence presented at trial, no reasonable juror could have found that [the defendants] used the name and personal information from [one victim] but not [the other victim] . . . ."). Brown has not established "a reasonable probability that the result of his trial would have been different . . . ," *Bigelow*, 367 F.3d at 570, as to Count 25 if there had been a separate count for each victim, or if a unanimity instruction had been given.

Brown next contends that his appellate counsel was deficient in failing to raise the issue of duplicity on appeal. "[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood

of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Brown's counsel raised several issues on appeal, including that Brown's

convictions were not supported by the evidence; that the jury instructions

and verdict form were improper; that the government failed to produce

exculpatory and impeachment evidence; that the district court erred in not

granting an evidentiary hearing regarding potential juror bias; and that the

jury returned inconsistent verdicts. *United States v. Bailey*, No. 19-2280,

2022 WL 2444930 (6th Cir. July 5, 2022). For the reasons explained above,

a challenge based on duplicity would have failed or been remedied if raised

at trial. Therefore, Brown cannot demonstrate that his duplicity claim was

stronger than the issues raised on appeal such that appellate counsel's

performance was deficient.

Brown's last argument as it relates to ineffective assistance of

counsel is that his counsel failed to inquire whether the grand jury was

properly instructed on the allegedly duplicitous counts. "There is a strong

presumption of regularity that attaches to grand jury proceedings." *United

States v. Jones*, 766 F.2d 994, 1001 (6th Cir. 1985) (citations omitted).

Based on this principle, "[c]ourts do not encourage tampering with the

grand jury indictment even where faulty instructions are given." *United

States v. Overmyer*, 899 F.2d 457, 465 (6th Cir. 1990) (citing *United States*

-9-

*v. Felice,* 481 F.Supp. 79 (N.D.Ohio 1978), *aff'd,* 609 F.2d 276 (6th Cir.1979)).

Brown has not demonstrated that his counsel's performance was objectively unreasonable by failing to inquire whether the grand jury was properly instructed. Furthermore, "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *United States v. Thrush*, No. 1:20-CR-20365, 2024 WL 1417498, at *5 (E.D. Mich. Apr. 2, 2024) (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988)). In this context, prejudice means that the alleged error "substantially influenced the grand jury's decision to indict." *Id*. (quoting *Bank of Nova Scotia*, 487 U.S. at 256). There is no evidence from which the Court could conclude that the grand jury was given improper instructions which in turn influenced its decision to indict.

The Court concludes that neither Brown's trial nor appellate counsel was ineffective.

II.    <u>Prosecutorial Misconduct</u>

Brown contends the government committed prosecutorial misconduct by allowing duplicitous counts to proceed to trial without informing defense counsel and the court, and by failing to properly instruct the grand jury on

these counts. "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). A conviction will not be vacated based on a claim of prosecutorial misconduct unless the conduct complained of is "so egregious so as to render the entire trial fundamentally unfair." *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (internal quotations omitted).

In this case, the government has always taken the position that the counts were not duplicitous, so it cannot be said that they knowingly allowed duplicitous counts to proceed to trial. Nor did the government hide anything from defense counsel or the court. The structure of the disputed counts was discernable to everyone who read the indictment. And as previously discussed, duplicity is a pleading rule that does not require dismissal of the count because it can be remedied. S*ee Robinson*, 651 F.2d at 1194.

Brown also claims there was prosecutorial misconduct in that the grand jury was not properly instructed on these counts. Just as this argument does not support an ineffective assistance of counsel claim, it does not establish any degree of prosecutorial misconduct.

Brown has not established that the government engaged in conduct "so egregious so as to render the entire trial fundamentally unfair," such that the verdict on the challenged counts must be vacated. Brown's claim that the government engaged in prosecutorial misconduct fails.

<u>CONCLUSION</u>

Now therefore, for the reasons stated above, IT IS HEREBY ORDERED that Defendant Robert Brown's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (ECF No. 1995) is DENIED.

The Court declines to issue a certificate of appealability because Defendant has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above.  See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

It is so ordered.

Dated:  September 3, 2024

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 3, 2024, by electronic and/or ordinary mail and also on Robert Brown II, FCI Hazelton, Federal Correctional Institution, P.O. Box 5000, Bruceton Mills, WV  26525.

s/Lashawn Saulsberry
Deputy Clerk

---